# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE:

ACCESS 4 ALL INCORPORATED
and JUAN CARLOS GIL,

    Plaintiff,

v.

SIGLER & COMPANY LLC and
RINCONCITO CUBANO CRIOLLO
RESTAURANT & CAFETERIA, INC,

    Defendants.

_____/

## **COMPLAINT**

    Plaintiffs, ACCESS 4 ALL INCORPORATED and JUAN CARLOS GIL, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues SIGLER & COMPANY LLC and RINCONCITO CUBANO CRIOLLO RESTAURANT & CAFETERIA, INC (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

    1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

    2.    The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

    3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

    4.    Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, with a

residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5.  Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6.  At all times material, Defendant, SIGLER & COMPANY LLC, owned and operated a commercial retail center located at 890 SW 87th Avenue, Miami, Florida 33174 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

7.  At all times material, Defendant, SIGLER & COMPANY LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

8.  At all times material, Defendant, RINCONCITO CUBANO CRIOLLO RESTAURANT & CAFETERIA, INC, owned and operated a commercial restaurant at 890 SW 87th Avenue, Miami, Florida 33174 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, RINCONCITO CUBANO CRIOLLO RESTAURANT & CAFETERIA, INC, holds itself out of the public as "Rinconcito Cubano Criollo Restaurant."

9.  At all times material, Defendant, RINCONCITO CUBANO CRIOLLO RESTAURANT & CAFETERIA, INC, was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

10. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct

business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

11. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

14. Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA. JUAN CARLOS GIL uses a wheelchair to ambulate. JUAN CARLOS GIL has very limited use of his hands, which makes it increasingly difficult for him to hold objects weighing more than five (5) pounds. He also has a great deal of trouble walking or otherwise ambulating more than a few yards without the use of a wheelchair, and is only able to stand for no more than a couple minutes at a time. Plaintiff is substantially limited in major life activities due to his impairment including but not limited to an impaired ability to walk, stand, grab, grasp and/or pinch. Plaintiff, JUAN CARLOS GIL, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

15. Defendant, SIGLER & COMPANY LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

16. The subject Commercial Property is open to the public and is located in Miami, Miami-Dade County, Florida.

17. The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about April 29, 2021 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and to perform services including but not limited to recruitment of new members on behalf of ACCESS 4 ALL INCORPORATED, because it is approximately eleven (11) miles from his residence, and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of the filing of this Complaint, specifically on or before June 12, 2021.

18. Plaintiff resides nearby in the same County and state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his residence and other businesses that he frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint, specifically on or before June 12, 2021.

19. The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

20. Plaintiff, ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. Plaintiff, JUAN CARLOS GIL, has also been discriminated against because of its association with its disabled members and their claims.

21. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of

injury(ies), embarrassment, and discomfort to Plaintiff, JUAN CARLOS GIL, and others similarly situated.

22. Defendants, SIGLER & COMPANY LLC and RINCONCITO CUBANO CRIOLLO RESTAURANT & CAFETERIA, INC, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, SIGLER & COMPANY LLC and RINCONCITO CUBANO CRIOLLO RESTAURANT & CAFETERIA, INC, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, SIGLER & COMPANY LLC and RINCONCITO CUBANO CRIOLLO RESTAURANT & CAFETERIA, INC, own and operate the Commercial Property Business located at 890 SW 87th Avenue, Miami, Florida 33174.

23. Plaintiffs, ACCESS 4 ALL INCORPORATED and JUAN CARLOS GIL, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through II of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full

and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

24. Defendant, SIGLER & COMPANY LLC, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Counts I through II.

25. Plaintiff, JUAN CARLOS GIL, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not necessarily limited to the allegations in Counts I through II of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure himself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

26. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## AS TO SIGLER & COMPANY LLC

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through

26 above as though fully set forth herein.

      28.    Defendant, SIGLER & COMPANY LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A.  <u>Parking and Exterior Accessible Route</u>

i.    Accessible parking and Access Aisle are located on a slope > 3%. There is no compliant accessible route to enter the building, preventing Mr. Gil's safe unloading from vehicles and accessing facilities violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards, the solution is readily achievable.

    B.  <u>Entrance Access and Path of Travel</u>

i.    Cross slopes, changes of level and improper walks impede Mr. Gil's path of travel to enter and travel between store interior areas to and from parking, sidewalks and public transit violating the ADAAG and 2010 ADAS Sections 303, 304, 403 and 404 where the solutions are readily achievable.

    C.  <u>Access to Goods and Services</u>

i.    The plaza fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

ii.    Check-out and work surface areas at the plaza are inaccessible to the plaintiff and violate

various ADAAG and 2010 ADAS requirements.

## COUNT II – ADA VIOLATIONS
### AS TO SIGLER & COMPANY LLC and RINCONCITO CUBANO CRIOLLO RESTAURANT & CAFETERIA, INC

29. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

30. Defendants, SIGLER & COMPANY LLC and RINCONCITO CUBANO CRIOLLO RESTAURANT & CAFETERIA, INC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Public Restrooms

i. Mr. Gil could not safely use the restroom; door signage is inaccessible > 60" high on the door face violating the ADAAG and ADAS Section 216.

ii. The restroom stall door is not self-closing and lacks proper hardware. The rear grab bar is obstructed violating ADAAG Section 4.17 and ADAS Section 604.

iii. Mr. Gil could not use the paper towels, hand dryer and mirror which are inaccessible violating Section 4.2 of the ADAAG and ADAS Sections 308, 309 and 603.

iv. The plaza restroom lavatory lacks compliant controls which can be operated with a closed fist as required by the ADAAG and ADAS Section 606.

v. Plaintiff could not safely use the plaza restroom water closet which has the flush on the wall side the ADAAG and ADAS Section 604.

**RELIEF SOUGHT AND THE BASIS**

31. The discriminatory violations described in Counts I through II are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JUAN CARLOS GIL, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

32. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiffs have retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

36. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 890 SW 87th Avenue, Miami, Florida 33174, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiffs, ACCESS 4 ALL INCORPORATED and JUAN CARLOS GIL, respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 11, 2021.

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiff*
        4937 S.W. 74th Court
        Miami, Florida 33155
        Telephone: (305) 553-3464
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mails: bvirues@lawgmp.com
                           aquezada@lawgmp.com

By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713